IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| HERMINIA DOLEMBA, <br> on behalf of plaintiff and the class defined herein, <br><br> Plaintiff, <br><br> vs. <br><br> NORTHLAND GROUP INC., <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Herminia Dolemba brings this action to secure redress from unlawful collection practices engaged in by defendant Northland Group Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, or the use of any false, deceptive or misleading statements in connection with the collection of a debt. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

### VENUE AND JURISDICTION

3. This Court has jurisdiction under 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

4. Venue and personal jurisdiction in this District are proper because:

    a. Defendant's collection communications and activities impacted plaintiff within this District, and

    b. Defendant does or transacts business within this District.

**PARTIES**

5. Plaintiff Herminia Dolemba is an individual who resides in this District.

6. Defendant Northland Group Inc. ("Northland"), is a corporation with offices at 7831 Glenroy Road, Suite 250, Edina, Minnesota 55439. It does or transacts business in Illinois.

7. Northland is engaged in the business of collecting allegedly defaulted debts originally owed to others and incurred for personal, family or household purposes.

8. Northland regularly uses the mails and telephones in the process of collecting debts.

9. Northland is a "debt collector," as defined in the FDCPA.

**FACTS**

10. On January 2, 2013, Northland sent plaintiff the letter attached as <u>Exhibit A</u>.

11. <u>Exhibit A</u> sought to collect a purported consumer debt incurred for personal, family or household purposes, and not for business purposes.

12. The debt went into default, and the last payment was made, more than five years prior to the date of the letter.

13. The statute of limitations on a credit card debt in Illinois is five years.

14. Northland regularly attempts to collect debts on which the statute of limitations has expired.

15. Nothing in <u>Exhibit A</u> disclosed that the debt was barred by the statute of limitations.

16. Nothing in <u>Exhibit A</u> disclosed the date of the transactions giving rise to the claimed debt.

17. It is the policy and practice of Northland to send letters seeking to collect time-barred debts that do not disclose the fact that they are time-barred.

18. It is the policy and practice of Northland to send letters seeking to collect

time-barred debts that do not disclose the dates of the transactions giving rise to the debts.

19. The Federal Trade Commission has determined that "Most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations.... When a collector tells a consumer that she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm) The FTC entered into a consent decree with Asset Acceptance, one of the largest debt buyers in the United States, requiring that it disclose to consumers when it is attempting to collect debts that are barred by the statute of limitations. *United States v. Asset Acceptance LLC,* Case No. 8 : 12 CV 182 T 27 EAJ (M.D.Fla.).

20. On October 1, 2012, the Consumer Financial Protection Bureau, which has taken over much of the FTC's enforcement responsibility, and has also been granted rule-making authority with respect to debt collection, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of the Comptroller of the Currency entered into consent orders with three American Express-related entities requiring disclosure that debts they attempt to collect were time-barred. 2012-CFPB-0002; 2012-CFPB-0003; 2012-CFPB-0004.

21. The orders require that "the Bank shall continue to provide disclosures concerning the expiration of the Bank's litigation rights when collecting debt that is barred by the applicable state statutes of limitations. . . ."

22. Thus, at least five federal agencies have entered into four consent decrees explicitly based on the duty-to-disclose theory advanced by plaintiff here and issued public statements stating such disclosures must be made.

23. The American Express order further requires disclosure of "all material conditions, benefits and restrictions concerning any offer of settlement. . . ." The decrees thus recognize that "settlement offers" can be misleading if they fail to disclose material information.

24. The filing of the complaints against American Express by the CFPB, the FDIC, the FRB, and the OCC represents considered decisions by those administrative agencies

that the American Express actions in collecting stale debt were unfair or deceptive practices.

25. On March 20, 2013, the Consumer Financial Protection Bureau ("CFPB") issued its annual FDCPA report making clear that its position, consistent with that of the FTC, is that, in collecting on time-barred debts, debt collector's must inform consumers that the debt is beyond the statute of limitations. Failure to do so, is a violation of the FDCPA. CFPB Annual Report 2013, *Fair Debt Collection Practices Act,* pp. 25-26 and 33-34)

26. In summarizing the litigation against Asset Acceptance and its investigations against another debt collector, RJM Acquisitions LLC, the CFPB stated that "even in the absence of any affirmative representations that consumers will be sued to collect time-barred debt, merely attempting to collect on such debt may lead consumers to believe that such suits may occur. Misleading consumers in this way would violate Section 5 of the FTC Act and Section 807 of the FDCPA." Report, pp. 33-34.

27. On December 12, 2012, Midland Funding LLC and Midland Credit Management, Inc. entered into a consent judgment with the Minnesota Attorney General pursuant to which they agreed that their "notice of an alleged debt (at times referred to as a 'validation letter') to a Minnesota Resident shall include the following:...Fo r any debt that is beyond the applicable statute of limitations, a statement providing written assurance to the Minnesota Resident that Defendants will not sue the alleged debtor for the debt, or a disclosure that the law limits how long the alleged debtor can be sued on a debt and that because of the age of the debt, Defendants will not sue the alleged debtor for it...". (December 12, 2012 Consent Judgment, pp. 5-6, ¶13b.)

28. Plaintiff was confused and aggravated by the receipt of defendant's letter, and by defendant's collection attempts generally.

## VIOLATION ALLEGED

29. Defendant engaged in unfair and deceptive acts and practices, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by dunning consumers on time-barred debts without disclosure of that fact.

30. The nondisclosure is exacerbated by the offer of a "settlement" in Exhibit A. An offer to settle implies a colorable obligation to pay.

31. 15 U.S.C. §1692e provides:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section....**

**(2)   The false representation of –**

  **(A)   the character, amount, or legal status of any debt.... [or]**

**(5)   The threat to take any action that cannot legally be taken or that is not intended to be taken.... [or]**

**(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer....**

32. 15 U.S.C. §1692f provides:

**A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.....**

### CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of all individuals in Illinois to whom Northland Group, Inc. sent a letter seeking to collect a debt, which debt was a consumer credit card debt on which the last payment had been made more than five years prior to the letter, and which letter was sent on or after a date one year prior to the filing of this action and on or before a date 20 days after the filing of this action.

35. On information and belief, the class is so numerous that joinder of all members is not practicable.

36. There are questions of law and fact common to the class members, which predominate over any questions relating to individual class members. The predominant common questions are (a) whether defendant attempts to collect time-barred debts without disclosure of

that fact and (b) whether such practice violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible,

    b. Members of the class are likely to be unaware of their rights, and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1) Statutory damages;

    (2) Actual damages, including all amounts paid by class members on time-barred debts;

    (3) Attorney's fees, litigation expenses and costs of suit; and

    (4) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

that fact and (b) whether such practice violates the FDCPA.

37. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

39. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible,

    b. Members of the class are likely to be unaware of their rights, and

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

    (1) Statutory damages;

    (2) Actual damages, including all amounts paid by class members on time-barred debts;

    (3) Attorney's fees, litigation expenses and costs of suit; and

    (4) Such other and further relief as the Court deems proper.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Thomas E. Soule
EDELMAN, COMBS, LATTURNER
    & GOODWIN, L.L.C.
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

**NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)